[NOTE. On the trial the plaintiff was nonsuited. Case No. 3,330.]

—————

## Case No. 3,330.
### CRAIG v. BROWN.
### [3 Wash. C. C. 503.][1]
Circuit Court, E. D. Pennsylvania. Oct. Term, 1819.

LIMITATION OF ACTIONS—NEW PROMISE—PAYMENT WHEN ABLE—EVIDENCE—STATE STATUTE.

1. Action on a bill of exchange, drawn by the defendant, in favour of the plaintiff, at New-Orleans, on J. B. of Philadelphia, in 1807. The declaration contained a special count, on a new promise made by the defendant in 1809, to pay the bill if he should ever be able, with an averment of his ability. To this count the defendant pleaded the statute of limitations.

2. The act of the assembly of Pennsylvania, passed in 1815 [6 Laws, 3, c. 4], authorizing the notarial acts of notaries public to be given in evidence, is not obligatory in the circuit court of the United States.

3. Where a promise has been made to a person, who was not the agent of B., and had no authority from him to pay a debt due to B., in a different manner from the original contract, and B. is not present, and does not accept the promise, B. cannot afterwards institute a suit upon the engagement.

4. Where a promise is made to pay a debt when able, and the creditor does not wait, but proceeds immediately in the original obligation, before the defendant had ability to pay, he cannot afterwards resort to the promise of payment when able.

This was an action [by Lewis Craig against Elijah Brown] on a bill of exchange, dated 11th July, 1807, drawn at New-Orleans, on James Brown & Co. of Philadelphia, at sixty days after sight, by the defendant, Elijah Brown, in favour of the plaintiff. The declaration contains the usual money counts, and also a count, stating a new promise, made by the defendant to the plaintiff in 1809, to pay this bill, if he should ever be able to do so; with an averment that he was able to pay. Pleas, to all the counts, non assumpsit, and to the count on the bill of exchange, non assumpsit within six years. By a written agreement, made between the counsel on each side, a replication to the plea of the act of limitations was dispensed with; and the plaintiff was permitted to give any legal evidence, to prove a new promise, or the inapplicability of the statute of limitations.

Shoemaker, for the plaintiff, in his opening, gave in evidence the bill of exchange, and offered to read the protest; which was objected to by the defendant's counsel, on the ground that this is an inland bill, which requires no protest; and that, therefore, the protest offered in evidence was inadmissible. The plaintiff's counsel acquiesced in this objection, and relied merely on the act of assembly of this state, passed in 1815, authorizing the acts of notaries public and other officers to be given in evidence. But the court was of opinion, that this law did not apply to, nor is it obligatory on, this court. As to the question, whether this is an inland bill or not, the court was not asked to give an opinion, and gave none. No proof was offered by the plaintiff, that this bill was presented to the drawee for acceptance, or that notice of its non-acceptance or non-payment was given to the drawer. The plaintiff further stated, in his opening, that a suit was commenced on this bill, in November, 1813; and a nonsuit was suffered in October, 1815 [Cases Nos. 3,326 and 3,327], and on the next day this suit was instituted.

It was proved by a witness, that in the year 1809, the defendant, speaking of this bill, and of others which he had drawn in the year 1807, on James Brown & Co., and which had been dishonoured, said; that he was not then able to pay them; but that he would do so, if he ever got able. The person to whom this declaration was made, was not the agent of the plaintiff; and had no authority to make any negotiation whatever, with the defendant, respecting this bill. Another witness stated, that the defendant was, in his opinion, able to pay this bill in the year 1816, and afterwards.

The plaintiff having closed his evidence here, the defendant's counsel, Joseph R. Ingersoll, and Chauncey, moved for a nonsuit upon the following grounds—1. That no proof having been given, that this bill was at any time presented for acceptance and payment, and notice of its dishonour given to the defendant, the plaintiff cannot recover on the count on the bill. Neither can he succeed on the count upon the new promise; because, 1. The defendant was no party to it, nor did he ever acquiesce in it; but on the contrary, his first suit was in derogation of it. 2. The suit was brought before the time when the defendant's ability to pay is proved. 3. That there was no existing debt as the consideration of the new promise, on account of the want of presentation of the bill and notice.

On the other side, it was contended, that the drawing of the bill created a moral obligation to pay it, which is a sufficient consideration; and that the subsequent promise amounts to a waiver of the defendant's right, to insist upon proof of a presentation of the bill, and of notice; and is also an answer to the statute of limitations;—that a person for

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

whose benefit a promise is made to a third person, may sue on that promise. He cited Selw. N. P. 51, 52; 1 Bac. Abr. 271; 15 Vin. Abr. 119, pl. 6; 2 Term R. 713; 2 Camp. 188; 5 Johns. 248, 385.

[For judgment for defendant on demurrer to the replication, see Case No. 3,329; and, for the discharge of a rule to show cause why defendant should not be discharged on common bail, see Case No. 3,328.]

Mr. Shoemaker, for plaintiff.

Mr. Chauncey and Joseph R. Ingersoll, for defendant.

WASHINGTON, Circuit Justice, delivered the opinion of the court.

If the plaintiff give any evidence, from which the jury may imply facts sufficient to support the action, the court will never take the case from the jury by directing a nonsuit. But if, after giving the fullest weight to the evidence, the plaintiff is not entitled, in point of law, to a verdict, it would be a mere waste of time to proceed further in the trial; and it is then proper to direct the plaintiff to be called. It is impossible for the plaintiff to succeed upon the count on the bill of exchange, because of the total absence of proof, that it was presented for acceptance; or that if it were presented, notice of its dishonour was at any time given to the defendant.

It is contended, that the subsequent promise of the defendant amounted to an acknowledgment of both these facts, and to a waiver of any advantage which might be taken on account of a want of evidence to prove them. But we take the law to be perfectly clear, that to produce these consequences, the promise must be a valid one; must be clearly made out in proof; must be absolute; and should appear to have been made upon a full knowledge of the facts, which the promise is supposed impliedly to admit. In this case, the promise was not made to the plaintiff nor to his agent;—it was conditional, and might therefore be consistent with a denial of those facts; and there is no evidence whatever, that the facts were known to the defendant; particularly, that of the non-presentation of the bill. The plaintiff's case, therefore, is not relieved from the objections to his recovery on the first count, by his subsequent promise or declaration.

As to the count upon the promise, as constituting a new contract, the objection that the plaintiff was no party to it, is fatal. If it was valid to bind the defendant to pay whatever he should be able, it must have been also obligatory upon the plaintiff, to wait until that event should take place. But this was clearly not so. The declaration was not made to the plaintiff, nor yet to any person authorized by him to assent to it, or, in any respect, to bind him. It was never afterward ratified by the plaintiff, in word or in deed. So far from it, he afforded record proof of his dissent, by instituting his suit at least two years before it is pretended that the defendant was able to pay; and grounding it, not on the new promise, but upon the original cause of action. He cannot now be permitted to avail himself of a promise which he has once refused his assent to, because it will now serve his purpose.

The plaintiff agreed to be called.

Nonsuit.